# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENO A. JONES, | ) | 1:09-cv-01339-SMS (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO INCLUDE EXHIBITS |
| v. | ) | IN CASE FILE |
| | ) | |
| DOE, et al., | ) | (Doc. 8) |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Plaintiff, Deno A. Jones, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Complaint in this action on July 30, 2009.  (Doc. 1.)  On May 7, 2010, Plaintiff filed a "Motion to Include Exhibits in Case File."  (Doc. 8.)  It is noteworthy that Plaintiff's motion is comprised of merely a face sheet accompanied by three pages respectively titled "Exhibit A," Exhibit B," and "Exhibit C" – each of which is nothing more than a list of document titles and dates.

      The Court is not a repository for the parties' evidence.  Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  At this point, the submission of evidence is premature as Plaintiff's Complaint has not yet been screened.  When the Complaint is screened, which will occur in due course, Plaintiff is only required to state a prima facie claim

1

1  for relief.  Thus, will be deemed sufficient for Plaintiff to simply have stated the facts upon
2  which he alleges a defendant has violated his constitutional rights.

3      If, upon screening, Plaintiff has not stated any cognizable claims, but may be able to do
4  so, his Complaint will be dismissed with leave to amend.  If Plaintiff feels compelled to submit
5  exhibits with any such amended complaint, he may do so, but is reminded that such exhibits
6  must be attached to the complaint and must be incorporated by reference.  Fed. R. Civ. Pro.
7  10(c).  Thus, if Plaintiff attaches exhibits to any amended complaint that he might file, each
8  exhibit must be specifically referenced.  For example, Plaintiff must state "see Exhibit A" or
9  something similar in order to direct the Court to the specific exhibit Plaintiff is referencing.
10 Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page
11 of the exhibit (i.e. "See Exhibit A, page 3").  With regard to exhibits that are properly attached
12 to any such amended complaint, Plaintiff is cautioned that it is the Court's duty to evaluate the
13 factual allegations within a complaint, not to wade through exhibits, to determine whether
14 cognizable claims are, or might be able to be stated.

15     Finally, for screening purposes, the Court must assume that Plaintiff's factual allegations
16 are true.  Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the
17 allegations in a complaint.

18     Accordingly, Plaintiff's "Motion to Include Exhibits in Case File," filed May 7, 2010, is
19 HEREBY DENIED.

23 IT IS SO ORDERED.

24 **Dated:   May 17, 2010**              **/s/ Sandra M. Snyder**
                                   UNITED STATES MAGISTRATE JUDGE