# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO A. JONES, | CASE NO. 1:09-cv-01339-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JOHN DOE, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Deno A. Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed July 30, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran ("CSPC"). Plaintiff was placed into administrative segregation on April 30, 2007, for the act of indecent exposure. Due to continued misconduct, his placement was extended until October 25, 2008. (Doc. 1, pp. 5-6, 21.) On March 14, 2008, Plaintiff was transported to the Security Housing Unit ("SHU") at CSPC. Approximately one week later, Plaintiff was moved into a sensitive needs unit. (Id., § IV.) When Plaintiff's property was brought to him he saw that his compact disc player, compact discs, address book, and some other items were missing. After he filed an appeal, his address book was replaced with a blank address book. (Id., p. 8.) Three months later his compact disc player was returned. (Id., p. 9.)

Plaintiff appeared before a classification committee and five unnamed committee members recommended that he have a cellmate. Plaintiff brought up his missing property and was told to file an appeal. (Id., p. 6.) On June 11, 2008, Plaintiff filed an appeal. The first level appeal was denied by an unnamed supervisor and the associate warden. (Id.) Plaintiff's Central File and the offender base information system were reviewed by an unnamed appeals coordinator who denied his second level appeal. (Id., pp. 6-7.) The third level appeal was denied by the warden. The director's level

appeal was denied by the appeals coordinator. On February 7, 2009, Plaintiff filed a writ of habeas corpus in Kings County Superior Court. (Id., p. 7.)

Plaintiff names as Defendants twenty three Does alleging violations of his constitutional rights under the Eighth and Fourteenth Amendments and professional malpractice, negligence, personal injury, intentional tort, and property damage under state law. Plaintiff is seeking a declaratory relief that his constitutional rights and the laws of the United State have been violated, injunctive relief that Defendants maintain accurate Central File information, and compensatory and punitive damages. (Id., § V.)

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.   Discussion**

**A.   Eighth Amendment**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

Plaintiff's complaints fails to set forth facts to show he was deprived of something sufficiently serious to state a cognizable claim for a violation of the Eighth Amendment. Thomas, 611 F.3d  1150.

3

**B.     Fourteenth Amendment**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484). Plaintiff's complaint fails to state a cognizable claim for a violation of the Due Process Clause.

**1.     Property**

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his property was lost in the transfer between institutions. Whether the cause of the property loss or damage was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim.

**2.     Administrative Segregation**

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). The Ninth Circuit

4

has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

### 3. Grievance Process

A prisoner has a right to meaningful access to the court which extends to established grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). However, there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

## C. State Law Claims

Plaintiff also alleges professional malpractice, negligence, personal injury, intentional tort, and property damage under California law. The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). Plaintiff's claim to the California Victim Compensation and Government Claims Board was not considered because it was not filed within six months of the cause of action accruing. (Doc. 1, p. 48.) It would appear that Plaintiff will be barred from bringing his state law claims for failure to comply with the Tort Claims Act. Bodde, 90 P.3d at 119.

## D. Rule 18

Further, Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

### E.    Doe Defendants

In the text of Plaintiff's factual allegations, he has alleged that certain corrections officers and other prison personnel, who are not named, violated his federal rights. The use of John Doe defendants is not favored in federal court. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, there are situations where the identity of the defendants is unknown at the time of the filing of the complaint. Id. Where the identity of the defendants is not know the plaintiff should be given an opportunity through discovery to identify the unknown defendants. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 2999). However, once the identity of the "John Doe" defendant is known, the plaintiff may not continue to prosecute the claim against "John Doe" but must substitute the defendant's true name. Plumb v. Prinslow, 847 F.Supp. 1509, 1523 n. 13 (D. Ore. 1994).

Here, it is clear from the exhibits attached to Plaintiff's complaint that the identities of some of the Doe defendants are known. Plaintiff must identify the known parties by name and may not use Doe for the parties whose identities are already known.

## IV.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

1    Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the
2    duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
3    caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although
4    accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
5    speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

6         Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
7    114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
8    be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All
9    causes of action alleged in an original complaint which are not alleged in an amended complaint are
10   waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
11   Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

12        Based on the foregoing, it is HEREBY ORDERED that:

13   1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

14   2.   Plaintiff's complaint, filed July 30, 2009, is dismissed for failure to state a claim
15        upon which relief may be granted under section 1983;

16   3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
17        amended complaint; and

18   4.   If Plaintiff fails to file an amended complaint in compliance with this order, this
19        action will be dismissed, with prejudice, for failure to state a claim.

20        IT IS SO ORDERED.

21
22   Dated:    January 5, 2011                              _____
                                                            UNITED STATES MAGISTRATE JUDGE